**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JESS BELCHER and ) | |
| MARCY BELCHER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 09-CV-628-TCK-PJC |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| a foreign corporation; LIBERTY ) | |
| MUTUAL FIRE INSURANCE COMPANY, ) | |
| a foreign insurer; LARRY J. EASTON; and ) | |
| MARTEN TRANSPORT, LTD., ) | |
| headquartered in Wisconsin, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is the Motion for Realignment of Parties (Dkt. # 8) filed by Defendants United Parcel Service, Inc. ("UPS"), Liberty Mutual Fire Insurance Company ("Liberty"), and Larry J. Easton ("Easton); the Motion to Realign as Party Plaintiff (Dkt. # 10) filed by Defendant Marten Transport, LTD. ("Marten); the Motion to Remand (Dkt. # 22) filed by Plaintiffs Jess Belcher ("Belcher") and Marcy Belcher; and a Motion (Dkt. # 26) filed by UPS, Liberty, and Easton (collectively, the "Easton Defendants") to Strike Danielson Affidavit, an affidavit filed in support of Plaintiffs' Motion to Remand.  The Court addresses these motions together because the issues in each are intertwined, as discussed below.

**I.      Factual and Procedural Background**

Plaintiffs originally brought this action in the District Court for Mayes County, State of Oklahoma, on August 24, 2009.  Belcher is seeking damages for personal injuries arising out of a

motor vehicle accident involving a vehicle driven by Easton.[1]  Belcher's wife, Plaintiff Marcy Belcher, is suing for loss of consortium.  At the time of the vehicle accident, Belcher was employed by Marten and Easton was employed by UPS.  Plaintiffs assert that both Belcher and Easton were acting within the scope of their respective employment.  Plaintiffs contend that Liberty is UPS's liability insurance carrier and Marten is self-insured under the Wisconsin Workers' Compensation Laws.  Plaintiffs are Wisconsin residents and Marten has its principal place of business in Wisconsin.

Defendant Easton is a citizen and resident of the state of Kansas.  Defendant UPS is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Georgia.  Defendant Liberty is a corporation organized and existing under the laws of Massachusetts, with its principal place of business in the state of Massachusetts.  Before the Easton Defendants filed their notice of removal, Marten filed a motion requesting the state court to realign Marten as a party plaintiff in the matter.  Marten  paid workers' compensation benefits to Belcher arising out of the on-the-job injury and maintains that it is entitled to contractual, statutory and equitable subrogation rights against the Easton Defendants.  Plaintiffs are seeking declaratory judgment against Marten "as to how much, if any, it may be entitled to in subrogation." Notice of Removal, Dkt. # 2, Petition, at 3.  Marten counterclaimed and cross-claimed seeking to recover the amount of its subrogation interests.  *Id.,* Answer, Counter Claim, and Cross-Claim of Marten Transport, Ltd., at 3-4.

---

[1] Mark Malison was also in the vehicle with Belcher and has filed a separate action against the same defendants, seeking the same relief.  *Malison v. United Parcel Service, Inc.*, No. 09-CV-629 TCK PJC (N.D. Okla. 2009).

On September 25, 2009, the Easton Defendants filed a Notice of Removal ("Removal Notice"), alleging that, if Marten is properly realigned as a party plaintiff, the Court has subject matter jurisdiction based on diversity of citizenship and sufficiency of the amount in controversy pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff moved to remand, asserting that Marten, the non-diverse co-defendant, did not join in the removal petition and should not be re-aligned as a party plaintiff because its interests are adverse to Plaintiffs. For reasons explained below, the Court finds that the Motions for Realignment should be denied and the Motion to Remand should be granted.

**II.     Authorities and Analysis**

A civil action is removable only if the plaintiff could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a). "Because federal courts are courts of limited jurisdiction, there is a presumption against [federal] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *See Basso v. Utah Power & Light, Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). As such, the Court strictly construes the removal statute and, as a general matter, must resolve all doubts against removal. *See Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The Easton Defendants base their removal on 28 U.S.C. §1332(a)(1), which provides that federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – [ ] citizens of different States." *Id.* Diversity of citizenship does not exist unless all of the plaintiffs named in a case are diverse from all the defendants named in the case. *E.g., Depex Reina 9 Partnership v. Texas Intern. Petroleum Corp.,* 897 F.2d 461, 463 (10th Cir. 1990).

Diversity does not exist in this matter because Plaintiffs and Defendant Marten are citizens of Wisconsin. However, Marten and the Easton Defendants have requested that the Court realign

3

the parties such that Marten is a party plaintiff. The seminal case on alignment of parties for purposes of diversity jurisdiction is *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941). In that case, the Supreme Court wrote:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings and arrange the parties according to their sides in the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interests exists is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute.

*Id.,* 314 U.S. at 69, 62 S.Ct. at 17 (citation as and internal quotations omitted.) The Supreme Court emphasized that the parties with the same "real interests" must be aligned on the same side. *Id.* The Tenth Circuit relied on City of Indianapolis to state that "[o]nly when the parties are aligned to match the actual interests can the court determine whether §1332 is satisfied." *Symes v. Harris*, 472 F.3d 754, 761 (10th Cir. 2006). The Tenth Circuit has also explained that the Court is to "scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to the real interests." *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir. 1978). Here, Marten and Plaintiffs have similar interests in seeing that Belcher recovers damages from the Easton Defendants for his injuries, but those interests are not entirely the same. Marten claims that, as Belcher's self-insured employer, it has a subrogated interest in any recovery reached by Belcher against the remaining Defendants. Specifically, Marten has a subrogation lien for indemnity payments and medical expenditures issued for Belcher. As a workers' compensation subrogee, Marten stands in the shoes of Belcher relative to the claims against the Easton Defendants. *White Motor Corp. v. Stewart*, 465 F.2d 1085, 1091 (10th Cir. 1972) ("Under Oklahoma law, the payer of the workmen's compensation benefits is subrogated to the claim of the injured workman

against the tortfeasor.")  Workers' compensation laws in Wisconsin are in accord.  *See* Wis. Stat. Ann. §102.29(1) (West 2004).

Here, however, Plaintiffs are not asking that Marten sue on their behalf and, in fact, Plaintiffs argue that Belcher's interest are adverse to Marten's.  They assert that (1) Marten "has an interest in minimizing the damages to the wife, Marcy Belcher, as to whom [Marten] does not subrogate, as those may detract from the husband's damages"; (2) Marten "has an interest in minimizing Jess Belcher's damages and future condition so as to protect itself from further liability under the workers' compensation laws"; and (3) Marten "actively fought Jess Belcher in his workers' compensation claim and has taken judicial positions to minimize his damages, actions which would be the detriment of Plaintiffs."  Motion to Remand, Dkt. # 22, at 4.

Plaintiffs' first allegations of adverse interests is not well-grounded.  Marcy Belcher's claim is derivative, based on loss of consortium.  To assume that a greater amount of damages on her claim would cause Jess Belcher's damages to be less is specious.  To further assume that Marten would actively attempt to minimize her damages by their participation in this lawsuit as a co-plaintiff is implausible.

Plaintiffs' second argument, that Marten has an interest in minimizing Jess Belcher's damages, has greater merit.  The evidence as to the nature and extent of Belcher's injuries and the financial impact of the collision on him could prove detrimental to Marten in subsequent proceedings in workers' compensation court.  More important, the findings of the workers' compensation court or the evidence upon which the workers' compensation court relies could be detrimental to Plaintiffs in this proceeding.  Steve Danielson, who advised Belcher with regard to his workers' compensation claims, has affied that

5

> Marten Transport, Ltd. has an interest and has exercised its interest in taking positions to minimize the worker's compensation claims of Mr. Belcher and Mr. Malison by taking action such as having them seen by physicians of the employer's choosing and/or obtaining medical record reviews in the hopes of obtaining lower disability ratings and in disputing the relationship between their injuries and the subject motor vehicle accident.

Motion to Remand, Dkt. # 22-2, ¶ 4; Pl. Opp. to Mtn. for Realignment, Dkt. # 20-2, ¶ 4.  It is conceivable that the evidence obtained by Marten in the workers' compensation case could be used by the Easton Defendants in this action to minimize their damages.

Due to the damaging aspect of Danielson's statement, the Easton Defendants have moved to strike his affidavit.  They argue that the affidavit "is hearsay, lacks a proper foundation, fails to establish knowledge of any facts contained in the affidavit, and primarily consists in legal opinions which more properly belong in a brief."  Motion to Strike, Dkt. # 26 at 1.  It is true that the affidavit contains some hearsay and several legal opinions, but the Court does not rely on those statements in finding that Plaintiffs' interests are adverse, in some respects, to Marten's interests.  The Easton Defendants do not dispute that Danielson is an attorney who advised Belcher regarding his workers' compensation claims against his employer, Marten, or that he spoke with Marten.  His statements to Belcher and to his employer might be attorney-client privileged or hearsay, but his knowledge of whether Marten had taken positions to minimize Belcher's workers' compensation claim would not be hearsay, as he is undoubtedly familiar with the papers filed in the case and the statements made at any hearings, depositions, or the like in the litigation.  He would also have knowledge of whether they had seen physicians chosen by Marten and whether any medical record reviews had been performed.

The Court disregards the statements by Danielson regarding Marten's motivations, and agrees with the Easton Defendants that Danielson would have no personal knowledge of, for

6

example, whether Marten has an "interest" in minimizing Plaintiffs' claims or what Marten's "hopes" were. Yet, however poorly worded by Danielson, his affidavit shows that he has personal knowledge of, for example, whether Marten disputed the relationship between Belcher's injuries and the motor vehicle accident at issue in this case as well as the workers' compensation case. That knowledge is derived from his representation of Belcher in the workers' compensation matter. The Court has considered the affidavit solely for the facts set forth therein which demonstrate that Marten and Belcher have taken opposing positions in the workers' compensation case regarding the nature and extent of Marten's injuries and the extent of his disability from accident-related injuries. The Court does not rely on the legal conclusions stated therein, as an attorney witness may not give an opinion on ultimate issues of law and such testimony interferes with the Court's role as sole arbiter of the law. *See, e.g., Specht v. Jensen*, 853 F.2d 805, 807-09 (10th Cir. 1988).

Therefore, the Court declines to strike the affidavit, but, even if the Court were inclined to strike it, the Court notes that the Easton Defendants do not dispute that Marten and Belcher have taken opposing positions in the workers' compensation case. That fact makes the two parties adverse for purposes of this personal injury case by Plaintiffs against the alleged tortfeasor, his employer, and his employer's liability insurance carrier. The Easton Defendants argue that *Lampe v. Genuine Parts Co.*, 463 F.Supp.2d 928 (E.D. Wis. 2006) is applicable. In that case, a truck driver and his wife sued a distributor for injuries suffered by the driver when a bag of sulphuric acid ruptured in a truck he was driving. In their complaint, the Lampe plaintiffs named a number of insurance companies as defendants, including two who were citizens of the same state as the plaintiffs. The court realigned the defendant insurance companies as plaintiffs and found that it had diversity jurisdiction because the plaintiffs "do not assert any claim against them and include them

based solely upon their subrogation interests which are aligned with the plaintiffs' interests." *Id.* at 933.

The *Lampe* case is distinguishable because there is no indication therein that the realigned plaintiffs and insurance companies had been involved previously in a dispute involving the same subject matter where their interests were adverse. Further, the Plaintiffs here have asserted a claim against Marten, albeit a declaratory judgment claim, and seek declaratory relief against Marten. Notice of Removal, Doc. #2, Petition, at 3. Marten has counterclaimed against Plaintiffs for a "determination of rights or status concerning its priority lien and subrogation interest against the proceeds of the Plaintiff's action against the Defendant," and seeks to recover the entire amount of its subrogation interest. *Id.*, Answer, Counter Claim and Cross Claim of Marten Transport, Ltd., at 3. Because the Court finds that Plaintiffs and Marten have adverse interests and should not be realigned, diversity jurisdiction does not exist and this case must be remanded.[2]

---

[2] Consequently, the Court need not fully address Plaintiffs' additional argument that remand is required because Marten did not join the Easton Defendants in filing the removal petition. The Court notes, however, that such argument overlooks Marten's pre-removal request for realignment and case law indicating that parties considered nominal, formal, or unnecessary are not required to join in the removal. *See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman and Assistants Local 349*, 427 F.2d 325, 329 (5th Cir. 1970); *cf. Peters v. Plains Petroleum Co.*, 43 F.2d 49, 50 (10th Cir. 1930) ("[W]hen it affirmatively appears from the complaint that one joined as a defendant is not liable, he should be disregarded in testing the right of the other defendant to remove the cause.") The Court finds no basis for requiring that realignment be accomplished before removal, given that a federal court's determination of whether diversity jurisdiction exists "includes the realignment of the parties based on their real interests regardless of labels placed upon the parties by the litigants themselves or the state court." *See Insured Aircraft Title Service, Inc., v. Emmons Aviation, L.L.C.*, No. CIV-05-1031-C, 2005 WL 2994279 at *2 (W.D. Okla. Nov. 8, 2005) (citing *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir. 1978) and *Hann v. City of Clinton, Okla.*, 131 F.2d 978, 981 (10th Cir. 1942)). If the court realigns a defendant as a plaintiff, the failure of the former defendant to join in the notice of removal is not a proper basis for remand. *See Insured Aircraft*, 2005 WL 2994279 at *3.

**IV.     Conclusion**

For the reasons set forth herein, the Motion for Realignment of Parties (Dkt. # 8) is **denied**; the Motion to Realign as Party Plaintiff (Dkt. # 10) is **denied**; the Motion to Remand (Dkt. # 22) is **granted**; and the Motion to Strike (Dkt. # 26) is **denied**. The Court Clerk is hereby directed to REMAND this matter to the District Court for Mayes County, State of Oklahoma.

IT IS SO ORDERED this 10th day of December, 2009.

_____
TERENCE KERN
United States District Judge